IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | CRIMINAL NO. 15-653 (JAG) |
| CRISTOBAL COLON-COLON [1] EMILIO RIVERA-MALDONADO [2], | |
| **Defendants.** | |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

This matter is before the Court on Defendant Cristobal Colon-Colon's ("Defendant Colon") and Defendant Emilio Rivera-Maldonado's ("Defendant Rivera") (collectively "Defendants") Motions to Dismiss the Indictment. Docket Nos. 52, 58. The Government filed a timely omnibus response. Docket No. 64. Defendant Colon filed a reply. Docket No. 65-1. For the reasons stated below, the Court DENIES Defendants' Motions.

BACKGROUND

Defendants are charged in a twenty-one count indictment (21) with one count of conspiracy under 18 U.S.C. § 371, one count of conspiracy to commit wire fraud under 18 U.S.C. §§ 1343, 1349, twelve counts of wire fraud under 18 U.S.C §§ 1343, 2, and seven counts of aggravated identity theft under 18 U.S.C. §1028A(a)(1), (2). Docket No. 3. Defendants have moved to dismiss the indictment on several grounds. Docket Nos. 52, 58. Defendants contend that the Government brought the indictment after the expiration of the general five year statute

of limitations, and therefore the indictment is time-barred. *Id.* Alternatively, Defendant Colon

contends that the Government's delay violates the Due Process Clause. Docket No. 52.

Defendant Rivera argues that the indictment should be dismissed for selective prosecution in

violation of the Equal Protection Clause. Docket No. 58. Defendant Colon also contends that the

indictment should be dismissed because Defendants were simply following orders. Docket No.

52. The Government filed an onminus response refuting all of Defendants' arguments. Docket

No. 64.

## ANALYSIS

I.   **Timeliness of Indictment**

    A.  **Statute of Limitations**

Usually non-capital federal offenses are subject to a five year statute of limitations. *See* 18

U.S.C. § 3282. The indictment was filed on October 21, 2015 and it alleges conduct that occurred

on or before February 1, 2010. Docket No. 3. Therefore, if Defendants' conduct is subject to the

general five year limitation, the indictment would be time-barred. However, the Government

contends that its indictment is timely because the statute of limitations period was tolled by the

Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287. The WSLA, as amended in

2008, states the following:

> When the United States is at war or Congress has enacted a specific
> authorization for the use of the Armed Forces, as described in section 5(b) of the
> War Powers Resolution (50 U.S.C. 1544(b)), the running of any statute of
> limitations applicable to any offense (1) involving fraud or attempted fraud
> against the United States or any agency thereof in any manner, whether by
> conspiracy or not, or (2) committed in connection with the acquisition, care,
> handling, custody, control or disposition of any real or personal property of the
> United States, or (3) committed in connection with the negotiation,

procurement, award, performance, payment for, interim financing, cancelation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war or directly connected with or related to the authorized use of the Armed Forces, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until 5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress.

18 U.S.C. § 3287.

As a preliminary matter, since some of the conduct alleged in the indictment occurred prior to the 2008 amendments to the WSLA, the Court must determine if the current version of the WSLA applies to all of Defendants' conduct alleged by the indictment. The Court holds that it does.

The Government argues that since the 2008 amendments had the effect of extending a statute of limitations, which is a procedural change, the 2008 amendments apply retroactively. Docket No. 64 at 8-10. Defendants do not seem to contest this point, as Defendant Rivera did not file a reply, and Defendant Colon referred to the post-2008 WSLA language in arguing his reply. Docket No. 65-1. But even if Defendants had contested this point, the Court would still agree with the Government that the 2008 amendments apply retroactively.  All three courts that have considered this issue have held that the 2008 amendments apply retroactively. *See United States v. Wells Fargo Bank*, N.A., 972 F. Supp. 2d 593, 610-11 (S.D.N.Y. 2013); *United States v. BNP Paribas SA*, 884 F. Supp. 2d 589, 607-08 (S.D. Tex. 2012); *United States v. W. Titanium, Inc.*, No. 08-CR-4229-JLS, 2010 WL 2650224, at *4 (S.D. Cal. July 1, 2010). Furthermore, the 2008 amendments were passed to ensure that the WSLA applied to suspend the limitations period during the wars in

Civil No. 15-653 (JAG)                                                                                           4

Iraq and Aghanistan. For example, the Senate Committee Report that accompanied the bill provided:

> Now, more than five years after the start of the Iraq war and nearly seven years after the beginning of the Afghanistan war, the statute of limitations has started to bar criminal actions in investigations of contracting fraud early in these conflicts. This bill will allow additional time for investigators and auditors to thoroughly investigate and review all war contracts and potentially save the U.S. taxpayers untold millions of dollars. If the current law is left unchanged, each passing day of the conflicts in Iraq and Afghanistan would result in a grant of immunity for fraudulent conduct by war contractors that has gone undiscovered or unprosecuted during the conflicts.

S. Rep. No. 110-431, at 4 (2008). This evidences a clear congressional intent to apply the 2008 amendments retroactively, since both wars were already underway in 2008. *See Arevalo v. Ashcroft*, 344 F.3d 1, 10-11 (1st Cir. 2003) (a court should first look to the statute to evaluate if Congress has spoken on whether the statute applies retroactively). Thus, the Court will apply the post-2008 amendments WSLA to all of Defendants' conduct alleged in the indictment.[1]

Next the Court evaluates whether the limitations period for the Government's prosecutions were effectively tolled by the WSLA. The WSLA can be triggered either when "[1.] the United States is at war or [2.] *Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution* (50 U.S.C. 1544(b))." 18 U.S.C. § 3287

---

[1] Since applying the 2008 amendments retroactively to Defendants' conduct does not revive an already time-barred prosecution, there is no ex post facto clause violation. *See, e.g., United States v. Jeffries*, 405 F.3d 682, 685 (8th Cir. 2005) ("The law is well settled that extending a limitations period before prosecution is barred does not violate the ex post facto clause."); R. Brian Tanner, *A Legislative Miracle: Revival Prosecutions and the Ex Post Facto Clauses*, 50 Emory L.J. 397, 406 (2001) ("According to all the federal circuits that have reached the issue, as long as the prior statutory bar has not run, an extension of that period is constitutional.") (collecting cases); *cf. Stogner v. California*, 539 U.S. 607 (2003) (holding that an ex post facto violation occurs when a statute of limitations extension revives an already time-barred prosecution).

(emphasis added). On September 18, 2001, Congress authorized the use of force against those responsible for the September 11th terrorist attacks. AUTHORIZATION FOR USE OF MILITARY FORCE, PL 107–40, September 18, 2001, 115 Stat 224 ("Afghanistan AUMF"). Similarly, in October 11, 2002, Congress authorized the use of military force in Iraq. AUTHORIZATION FOR USE OF MILITARY FORCE AGAINST IRAQ RESOLUTION OF 2002, PL 107–243, October 16, 2002, 116 Stat 1498 ("Iraq AUMF"). Both authorizations explicitly state that they constituted "specific statutory authorization within the meaning of section 5(b) of the War Powers Resolution." PL 107–40; PL 107–243. Since this authorization is precisely the second mechanism for triggering the WSLA, both AUMFs triggered the WSLA.

Once the WSLA is triggered, it suspends the statute of limitations for certain offenses "until 5 years after the termination of hostilities *as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress*." 18 U.S.C. § 3287. Since there has been neither a Presidential proclamation nor a concurrent resolution of Congress regarding the termination of hostilities, the WSLA continues to suspend the limitations period for Defendants' conduct alleged in the indictment.[2]

Defendant Colon invites us to apply the functional approach used in *United States v. Prosperi*, 573 F. Supp. 2d 436, 454 (D. Mass. 2008) to determine the date of "termination of hostilities" for purposes of the WSLA. Docket No. 65-1. However, the Court is unpersuaded. The Court must interpret the statute in accordance with its plain and unambiguous meaning. *See*

---

[2] Defendants do not dispute that the conduct alleged in the indictment constitutes an offense covered by the WSLA.

*Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). We agree with the Fifth Circuit, that "the plain and unambiguous language of the WSLA mandates formal requirements for the termination clause to be met." *United States v. Pfluger*, 685 F.3d 481, 485 (5th Cir. 2012). Since neither of these requirements have been met, the WSLA's suspension of limitations is still in effect.

Defendant Colon also argues that the Afghanistan and Iraq AUMFs were unconstitutional delegations of power. Docket No. 65-1. This argument is meritless because neither AUMF delegates to the President a power he did not already possess under the Constitution. The President has broad powers to wage war and control the armed forces under the Commander in Chief Clause. *See* U.S. Const. art. II, § 2, cl. 1; *The Prize Cases*, 67 U.S. 635 (1862). Thus, neither AUMF constituted an unconstitutionally delegation of legislative power to the President.  Accordingly, Defendants' statute of limitations argument fails.

### B.   Due Process Clause

Alternatively, Defendant Colon argues that the indictment should be dismissed for preindictment delay in violation of the Due Process Clause. Docket No. 52. The Court disagrees. To warrant dismissal for preindictment delay on due process grounds, a defendant must show "that the delay in indictment caused him actual prejudice and that the delay was undertaken by the Government solely to gain tactical advantage over the accused." *United States v. Marler*, 756 F.2d 206, 213 (1st Cir. 1985) (internal citations omitted). Defendant Colon has failed to satisfy either of these requirements. Thus, Defendant Colon's due process argument fails.

## II.     Selective Prosecution

Defendant Rivera argues that the indictment should be dismissed for selective prosecution in violation of the Equal Protection Clause. Docket No. 58. This argument is meritless. To establish selective prosecution, Defendant Rivera must show that (1) the prosecution had a discriminatory effect and (2) it was motivated by a discriminatory purpose. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Defendant Rivera has provided no evidence of either requirement. He simply states that none of Defendants' superiors were prosecuted. Docket No. 58. However, he provides no evidence that higher ranking officials engaged in the same conduct as Defendants, nor does he provide any evidence to show that the Government had a discriminatory purpose. Thus, Defendant Rivera's selective prosecution argument fails.

## III.    Following Superior Orders

Lastly, Defendant Colon argues that the indictment should be dismissed because he was just following orders. However, the fact that Defendant Colon was ordered to implement and promote the National Guard Recruiting Assistance Program does not provide a defense for committing theft, fraud, and identity theft while implementing the program. Defendant Colon provides no evidence that his superiors ordered him to commit any of these crimes. Therefore, Defendant Colon's following orders argument fails.

CONCLUSION

In view of the foregoing, Defendants' Motions to Dismiss are DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of May, 2016.

Civil No. 15-653 (JAG)                                                                    8

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
